## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | \| | |
| | \| | |
| **vs.** | \| | **Case No. 3:15-cr-00496-L** |
| | \| | |
| **USPLABS, LLC** **(1)** | \| | |
| **JACOBO GEISSLER** **(2)** | \| | |
| **JONATHAN DOYLE** **(3)** | \| | |
| **MATTHEW HEBERT** **(4)** | \| | |
| **S.K. LABORATORIES, INC.** **(6)** | \| | |
| **SITESH PATEL** **(7)** | \| | |

---

### DEFENDANTS' CONSENT MOTION FOR ENTRY OF ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(D)

---

Defendants USPlabs, LLC ("USPlabs") and S.K. Laboratories, Inc. ("S.K. Labs") (collectively, "Moving Defendants"), through undersigned counsel, respectfully move this Honorable Court, pursuant to Federal Rule of Evidence 502(d), and with the agreement of the Government or other Defendants, for the entry of an order holding that the Government's production to all of the parties of the entirety of documents (including Privileged Documents) seized from the Moving Defendants via search warrant, will not constitute waiver of such evidentiary privileges in the litigation pending before this Court or any other federal or state proceeding.

In support of this Motion, the Moving Defendants respectfully show as follows.

1

## BACKGROUND

On November 6, 2013, the Government executed a search warrant on USPlabs' Dallas, Texas office and seized from that location a large volume of USPlabs' paper files as well as electronic files from the USPlabs' server.  Ex. A.  On November 6, 2013, the Government executed a search warrant on S.K. Labs' offices in Anaheim, California, and seized paper files as well as electronic files from S.K. Labs' server.  Ex. B.  On or around December 1, 2013, the Government executed a search warrant on AppRiver, LLC, USPlabs' cloud service provider, and seized a hard drive containing the email account of USPlabs.  Ex. C.  A significant volume of privileged[1] documents resided among the paper and electronic files seized by the Government from USPlabs (and its cloud service provider) and S.K. Labs (hereinafter "Seized USPlabs Material" and "Seized S.K. Labs Material," respectively).

In December 2015, the Government produced "electronic versions of hard copy documents obtained via search warrant for USP and SK Labs locations," as well as "forensic images obtained from the USP Labs and SK Labs search warrants, and data obtained from the search warrant of USP Labs' email provider."  Ex. D.  The production was provided to counsel for Sitesh Patel, who agreed to provide a copy of the production to counsel for S.K. Labs, and to counsel for USPlabs, who agreed to provide a copy to counsel for each of the other Defendants.

In a subsequent telephone conference on January 20, 2016, the Government represented to counsel for USPlabs that although the Government had a taint team in place to protect any privileged documents from disclosure to the prosecution team, it had produced documents to other Defendants on December 31, 2015 in the exact same way they had been seized from the Moving Defendants.  The Government stated its position, which it has adhered to, that producing

---

[1] Use of the term "privilege" throughout this Motion is meant to encompass both the attorney-client privilege and the attorney work product protection.

all of the materials seized during the search warrant executions to all defendants is necessary in order to fulfill its criminal discovery obligations.  Thus, the Government had produced to all of the Defendants all of the privileged documents seized from both USPlabs and S.K. Labs.

Soon thereafter, counsel for both USPlabs and S.K. Labs promptly informed the Government and the other Defendants—both orally and in writing—that the production contained documents covered by their respective privileges, and all Defendants agreed to refrain from viewing the documents in the Government's production.  Although counsel for Sitesh Patel provided a copy of the production to counsel for S.K. Labs, and counsel for USPlabs provided copies of the production to counsel for each of USPlabs' individuals owners, Defendants Geissler, Doyle, and Hebert, counsel for both USPlabs and S.K. Labs have now refrained from providing copies of the production to counsel for Cyril Willson and Kenneth Miles, in order to avoid any possibility of privilege waiver, however remote.  Counsel for Messrs. Willson and Miles have consented to this decision.

The Government has declined to segregate from its production the Privileged Documents despite Moving Defendants' requests that it do so, out of a stated concern that by doing so it would fall short of meeting its criminal discovery obligations to all Defendants.  It has therefore left it to USPlabs and S.K. Labs to protect their own respective privileged documents from disclosure to the other Defendants, and thus from any risk of privilege waiver.

On March 30, 2016, the Government made a second production of documents.  That production included, *inter alia*, additional documents seized from USPlabs during its execution of the search warrant on November 6, 2013.[2]  Although the remaining portion of the production was provided to all Defendants, the Government produced this portion only to USPlabs, noting

---

[2] These documents are also included in the definition of "Seized USPlabs Material."

that "objections [were] made by counsel regarding the possibility of [the] information containing privileged information."  Ex. E.

## ARGUMENT

Fed. R. Evid. 502(d) authorizes a federal court to enter an order providing that the attorney-client privilege or work-product protection is not waived by any disclosure of privileged or protected information that occurs in connection with litigation pending before this Court.[3] This rule provides parties with predictable protection through a court order that gives legal effect to the parties' agreement for non-waiver of privileged information involuntarily seized by the Government and turned over to all defendants in this litigation.[4]

---

[3] Rule 502(d) provides:

> **(d) Controlling Effect of a Court Order.** A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court--in which event the disclosure is also not a waiver in any other federal or state proceeding.

Fed. R. Evid. 502(d).

[4] The Advisory Committee explains the purpose underlying Rule 502(d) as follows:

> Confidentiality orders are becoming increasingly important in limiting the costs of privilege review and retention, especially in cases involving electronic discovery. But the utility of a confidentiality order in reducing discovery costs is substantially diminished if it provides no protection outside the particular litigation in which the order is entered. Parties are unlikely to be able to reduce the costs of pre-production review for privilege and work product if the consequence of disclosure is that the communications or information could be used by non-parties to the litigation.
> . . . The rule provides that when a confidentiality order governing the consequences of disclosure in that case is entered in a federal proceeding, its terms are enforceable against non-parties in any federal or state proceeding. For example, the court order may provide for return of documents without waiver irrespective of the care taken by the disclosing party; the rule contemplates enforcement of "claw-back" and "quick peek" arrangements as a way to avoid the excessive costs of pre-production review for privilege and work product.
> The rule provides a party with a predictable protection from a court order--predictability that is needed to allow the party to plan in advance to limit the prohibitive costs of privilege and work product review and retention.  Under the rule, a confidentiality order is enforceable whether or not it memorializes an agreement among the parties to the litigation. Party agreement should not be a condition of enforceability of a federal court's order.

Fed. R. Evid. 502(d) advisory committee's note (citations omitted).

Moving Defendants seek to protect their respective privileges while at the same time permitting the full discovery to which all of the Defendants are entitled.

Out of an abundance of caution, the Moving Defendants request a court order to ensure the protection of any privileged document provided to the Defendants as a result of the above-described process, both in this proceeding and any other current or future State or federal proceedings.  Such an order is permitted under Fed. R. Evid. 502(d).  Moreover, it is especially appropriate here given the volume of seized electronic data and the prohibitive and time-consuming costs for each respective defendant to filter the data to preserve the privilege.  Here, the risk of disclosure has arisen due to the Government's production to all Defendants of all of the documents it seized from the Moving Defendants without filtering out the Moving Defendants' privileged documents from that seized material, and the fact that the Government has now left it to the Moving Defendants to perform that filtering.  Moreover, neither the Government nor any of the other Defendants opposes this Motion.

## CONCLUSION

For the foregoing reasons, the Moving Defendants' Motion should be granted, and the Court should therefore enter an Order, pursuant to Rule 502(d) of the Federal Rules of Evidence, that any privileged document provided to Defendants as a result of the process described in this Motion will not affect a waiver of the attorney-client privilege, work product doctrine, or any other applicable privilege, in this or any other current or future Federal or State proceeding.  A proposed Order is attached.

Respectfully submitted,

/S/ CHRISTOPHER NIEWOEHNER

Christopher Niewoehner (admitted *pro hac vice*)
Illinois Bar No. 6243575
Reid Weingarten (admitted *pro hac vice*)
Patrick F. Linehan (admitted *pro hac vice*)
David Fragale (admitted *pro hac vice*)
STEPTOE & JOHNSON LLP
1330 Connecticut Ave. NW
Washington, DC  20036
Phone: (202) 429-3000
Fax: (202) 429-3902
rweingarten@steptoe.com

Michael John Uhl
Texas Bar No. 20371050
FITZPATRICK HAGOOD SMITH & UHL
2515 McKinney Ave.
Dallas, TX 75201
Phone: (214) 237-0900
Fax: (214) 237-0901
muhl@fhsulaw.com

**ATTORNEYS FOR DEFENDANT
USPLABS, LLC**

/S/ JOSEPH M. MCMULLEN

Joseph M. McMullen (admitted *pro hac vice*)
California Bar No. 246757
THE LAW OFFICES OF JOSEPH M. MCMULLEN
225 Broadway
Suite 1460
San Diego, CA  92101
Phone: (619) 501-2000
Fax: (619) 615-2264
joe@jmm-legal.com

**ATTORNEY FOR DEFENDANT
S.K. LABS**

## CERTIFICATE OF CONFERENCE

On July 25, 2016, I communicated with government counsel who indicated that the government does not oppose the instant motion and will not file a response to the motion.

/S/ PATRICK LINEHAN
Patrick Linehan

## CERTIFICATE OF SERVICE

On July 29, 2016, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/S/ MICHAEL P. GIBSON
Michael P. Gibson

6