IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. 3:15-CR-496-L |
| | § | |
| USPLABS, LLC (01) | § | |
| JACOBO GEISSLER (02) | § | |
| JONATHAN DOYLE (03) | § | |
| MATTHEW HEBERT (04) | § | |
| KENNETH MILES (05) | § | |
| S.K. LABORATORIES, INC. (06) | § | |
| SITESH PATEL (07) | § | |
| CYRIL WILLSON (08) | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is the Government's Expedited Motion to Enforce Protective Order, filed April 17, 2018 (Doc. 445). Having considered the motion, Defendant S.K. Laboratories, Inc.'s opposition brief (Doc. 449), the Government's reply (Doc. 451), the revised Protective Order (Doc. 248), the record, and applicable law, for the reasons set forth below, the court **denies** the Government's Expedited Motion to Enforce Protective Order.[1]

## I.

On November 1, 2013, the Government submitted an affidavit in support of a search warrant *In the Matter of Search of S.K. Laboratories Inc.*, 5420 E. La Palma Ave., Anaheim, CA 92807, attesting to the existence of probable cause to believe that violations of federal law involving the introduction of adulterated food into interstate commerce had occurred at S.K. Laboratories, Inc.'s ("S.K. Labs") place of business. *See* Search Warrant Affidavit Excerpts, attached as Exhibit A to

---

[1] According to the Certificate of Conference filed with Government's motion, with the exception of Defendant Cyril Wilson, all Defendants are opposed to the motion. Following an Order for expedited briefing, on April 24, 2018, Defendant S.K. Laboratories, Inc. filed its Opposition to the Government's Expedited Motion to Enforce Protective Order (Doc. 449). No other Defendant filed an opposition brief. After receiving leave of court, on April 30, 2018, the Government filed its Reply in Support of its Expedited Motion to Enforce Protective Order (Doc. 451).

**Memorandum Opinion and Order - Page 1**

Declaration of Joseph M. McMullen ("McMullen Declaration") (Doc. 449-1), at Declaration Exhibit 1, at 4 ("I submit there is probable cause to believe that . . . Sitesh Patel, the VP and operator of SK Labs, as well as others, used the Subject Premises in furtherance of violations of federal law, including offenses involving . . . the introduction of adulterated foods into interstate commerce [and] conspiracy to cause the introduction of adulterated food into interstate commerce."). The scope of the Search Warrant was limited to searching only S.K. Labs' premises. *Id.* at 1-2. On November 6, 2013, federal agents executed the warrant and, as part of the seizure, made a forensic copy of the computer hard-drive of Rahul Shah, an accountant who had an office physically located at S.K. Labs.

In 2014, Department of Justice Attorney Patrick Runkle returned an electronic copy of the materials seized during the execution of the search warrant to Patrick Hall, then-counsel for S.K. Labs, which included a copy of Mr. Shah's computer hard-drive containing his confidential tax files. On November 4, 2015, the Government filed the Indictment in this case. Mr. Shah is not named as a defendant in the Indictment.[2] On December 22, 2015, the Honorable Magistrate Judge Karen E. Scott in the Central District of California granted the Government's motion to unseal the Search Warrant application and affidavit. In correspondence dated December 31, 2015, Mr. Runkle advised the parties that he distributed the "forensic images from the USP Labs and SK Labs search warrants" to the parties.

On September 15, 2016, the Government filed an unopposed motion for a protective order (Doc. 157), which the court granted on September 20, 2016 (Doc. 168). The protective order barred Defendants and their counsel "from disclosing to any third party any federal government document that has been disclosed by the government in discovery" without leave of the court, except for use

---

[2] On January 5, 2016, the Government filed a Superseding Indictment (Doc. 95). Mr. Shah is not named as a defendant in the Superseding Indictment.

in this case. *Id.* On May 24, 2017, the Government filed a motion to broaden the language of the protective order to provide further protection to third parties. The court granted the motion and issued a Revised Protective Order expanding the language to cover "disclosing or using any document or factual information that has been disclosed by the government in discovery in the above-captioned matter, whatever that document or information's source." Revised Protective Order 2 (Doc. 248).

On March 14, 2018, Joseph M. McMullen, Esq., who is counsel to S.K. Labs in this matter, filed a civil action on behalf of Mr. Shah in the Central District of California. *Shah v. United States*, No. 18-cv-405 (C.D. Cal. filed Mar. 14, 2018) (the "California Action"). A copy of the complaint in the California Action is attached to the Government's motion as Exhibit A. The complaint in the California Action alleges that federal agents executed a search warrant at S.K. Labs in 2013. *Id.* ¶ 17. During that search, the complaint alleges, agents imaged numerous hard drives and servers found on the premises, including a hard drive belonging to Mr. Shah. *Id.* ¶¶ 24-25. The complaint alleges that following the search, the Government (and in particular, DOJ Trial Attorney Mr. Runkle) "failed. . . to obtain a cooperating witness among the targets of [the USP Labs] investigation," but then "[n]onetheless . . . filed an indictment against USPLabs, S.K. Labs, and several individuals . . . ." *Id.* ¶ 27. The complaint alleges that "[t]he forensic copy of Mr. Shah's computer hard-drive was among the materials that DOJ Prosecutor Runkle sent to [the other defendants]" in the present criminal action. *Id.* ¶ 29.[3] The complaint alleges the Government's intent in producing the "Shah" hard drive to the USP Labs defendants was to "sew [sic] discord among the defendants named in the indictment." *Id.* ¶ 28. According to the complaint, Mr. Shah later "discovered . . . that DOJ

---

[3] In its motion, the Government notes that the prosecution team cannot confirm whether the full copy of the "Shah" hard drive produced in discovery contained the materials described in the civil complaint because the contents of the hard drives found at the premises of S.K. Labs were subject to a relevance review and, under the terms of the warrant, certain files were filtered from the view of the prosecution team. Mot. 3 n.1 (Doc. 445).

Prosecutor Runkle had disseminated . . . all of Mr. Shah's confidential CPA client files and his own federal and state income tax returns filed jointly with his wife" to the USP Labs defendants. *Id.* ¶ 30. The complaint alleges that the Government was not authorized to disclose the tax return information contained on Shah's hard drive to the defendants in the present case, and that the government has "taken no steps retrieve the copy of Mr. Shah's hard-drive from the members of the public who received it, nor to otherwise try to protect the privacy interests of [the parties whose tax returns were contained on the hard drive]." *Id.* ¶¶ 33-34. The complaint asserts that this series of events violated 26 U.S.C. § 6103. (A civil remedy for such a violation is provided by 26 U.S.C. § 7431.) The complaint states that in disclosing materials to the defendants pursuant to Rule 16, the government illegally leaked the files to members of the public. The complaint asks for more than $700,000 in damages. *Id.* at 8-9.[4]

## II.

In its motion, pointing to the California Action, the Government contends that Mr. McMullen recently filed a "frivolous civil lawsuit against the United States in the Central District of California incorrectly asserting that the government's Rule 16 discovery disclosures in the present case violated a federal tax privacy statute." Mot. 1. According to the Government: "Mr. McMullen's litigation of the [California Action] necessitates violating the protective order in the present case, which precludes the defendants and their counsel from 'disclosing or using any document or factual information that has been disclosed by the government in discovery' for any purpose other than 'the litigation of this case.'" *Id.* (quoting Revised Protective Order, Doc. 248 at 2). The Government

---

[4] In response to Defendants S.K. Labs' and Sitesh Patel's pending motion to suppress evidence seized during execution of the search warrant, the Government argues that Defendants S.K. Labs and Mr. Patel lack standing to seek any remedy related to the its seizure and search of Mr. Shah's computer. *See* Opp'n Mot. to Suppress 11 (Doc. 408) ("However, neither movant has standing to challenge the seizure and search of the C.P.A. computer that the defendants claim was completely unconnected to and not owned by either S.K. Laboratories, Inc. or Patel.").

also contends that "the allegations in the [California Action] and related statements by Mr. McMullen to the press go well beyond zealous advocacy and are improper." *Id.*[5] The Government asks this court to order Mr. McMullen to cease sharing or using discovery from the present case in other cases, order the defendants and counsel to account for any prior disclosures of information covered by the protective order for purposes other than the present litigation, and make any other order the court deems appropriate under the circumstances.[6]

In opposition, S.K. Labs, relying on the attached Declaration of Mr. McMullen (*see* Doc. 449-1), and the chronology of events in this action, argues that none of the allegations in the California Action is "based on documents or factual information provided in the Government's discovery materials." Opp'n Br. 6 (Doc. 449). According to SK Labs and Mr. McMullen's Declaration in support:

> On November 7, 2017, in advance of the Court's pretrial motion deadline, undersigned defense counsel for S.K. Labs interviewed Mr. Shah regarding the execution of the Search Warrant. No documents or factual information contained in the Government's discovery materials were shared or discussed with Mr. Shah.
>
> Undersigned counsel interviewed Mr. Shah regarding his lack of awareness that the Government had seized, retained, and disclosed to S.K. Labs' counsel the contents of the pre-discovery 2014 Hard-Drives, which included his tax client files and personal tax information. Undersigned counsel further advised Mr. Shah of Mr.

---

[5] The Government has provided the court with a copy of a press article that reported the following quote attributed to Mr. McMullen:

> "It is outrageous that a Justice Department prosecutor would invade and shatter the privacy of so many innocent American taxpayers," Joseph M. McMullen, an attorney representing Shah, told Law360 Wednesday. "It is even more shocking and ironic that he is still employed in the Justice Department's Consumer Protection Division."

Law360, "CPA Claims Prosecutor Leaked Tax Data Seized in Raid" (Mar. 14, 2018).

[6] The Government also argues that the California Action is a frivolous lawsuit. The court does not address this argument, or SK Labs' response, as the presiding judge in the California Action will make that determination at the appropriate time.

> Runkle's statement that he distributed the forensic images from the SK Labs search warrant to the other parties, and confirmed that Mr. Shah had not provided his consent to any such disclosure by the Government.
>
> * * *
>
> In March 2018, Mr. Shah retained undersigned counsel and filed a civil lawsuit against the United States seeking money damages for the unauthorized search, seizure, and dissemination of the confidential tax information on his computer.
>
> The factual allegations in the Complaint were based on: (1) the interview of Mr. Shah; (2) the unsealed Search Warrant application and affidavit; (3) the interview of Ketan Patel—the I.T. Employee present during the execution of the Search Warrant; (4) Mr. Runkle's statement that he distributed the forensic images from the SK Labs search warrant to the parties; and (5) the Indictment.

*Id.* at 5-6. S.K. Labs and Mr. McMullen, by way of his Declaration, further state:

> To date, undersigned counsel has not shared any discovery materials from the instant case, or factual information from those discovery materials, with any third parties. Nor have any discovery materials from the instant case, or factual information from those discovery materials, been shared or used in Mr. Shah's case or any other case.
>
> Undersigned counsel is aware of his obligations under the Court's Revised Protective Order and will continue to abide by them, as he has in the past.

*Id.* at 6.

### III.

The Revised Protective Order, issued by the court on June 1, 2017, provides in relevant part:

> It is therefore ordered that Defendants and their counsel are barred from *disclosing or using any document or factual information that has been disclosed by the government in discovery in the above-captioned matter*, whatever that document or information's source, except that Defendants and their counsel are permitted to use the document or factual information in the litigation of this case. It is further ordered that all documents and information produced by the Government in this case are designated as confidential.

Doc. 248 at 2 (emphasis added).

Having considered the chronology of events described in detail above, as well as the parties' legal briefs and appendixes, including the Declaration of Mr. McMullen (Doc. 449-1), the court concludes that the Government has failed to demonstrate that Mr. McMullen has, at this time, violated the terms of the Revised Protective Order. Based on the record before it, the court determines that the information upon which the California Action is predicated came from sources that predate the Indictment in this action, and predate the Revised Protective Order. The Government does not dispute that it already had returned the computer hard-drives at issue to S.K. Labs in 2014, long before the Indictment was filed or the discovery process began. Further, the court agrees with S.K. Labs that any statement by Mr. Runkle that he distributed forensic images from the USP Labs and S.K. Labs search warrants to Defendants in this action does not fall within the parameters of the Revised Protective Order.

**The court is mindful, however, of the Government's concern "that continuing litigation in the [California Action] will require Mr. McMullen to use or attempt to use discovery from this case to prove the allegations in his other case." Mot. 8 (Doc. 445). Although the court is not persuaded that the Revised Protective Order has been violated at this juncture, the court directs Mr. McMullen to abide by the terms of the Revised Protective Order in proceeding with the California Action and in statements to the press. No material that falls within the ambit of the Revised Protective Order (Doc. 248) shall be revealed unless ordered by this court or by the federal district court in the Central District of California presiding over *Shah v. United States*, No. 18-cv-405 (C.D. Cal. filed Mar. 14, 2018). Any violations brought to the court's attention will subject the persons involved, including attorneys, to the imposition of sanctions as the court deems appropriate. In other words, the court strongly cautions persons and attorneys not to get "cute" or play games with the court.**

**IV.**

Based on the foregoing, the court **denies** the Government's Expedited Motion to Enforce Protective Order (Doc. 445).

**It is so ordered** this 10th day of May, 2018.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge